UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISHIA H.,<br><br>   Plaintiff,<br>v.<br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 5:22-cv-00496-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

  Plaintiff Alishia H.[1] filed a Complaint seeking review of the decision of the Commissioner of Social Security denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") payments. The parties filed consents to proceed before a United States Magistrate Judge (ECF Nos. 13, 29), and briefs (ECF Nos. 22 ("Pl.'s Br."), 27 ("Def.'s Br."), 28 ("Pl.'s Reply Br.") addressing the disputed issues in the case. The matter is now ready for decision. For the reasons set forth below, the Court finds

---

  [1] In the interest of privacy, this Order uses only the first name and last initial of the non-governmental party in this case.

that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB and SSI payments on January 28, 2020, and December 13, 2019, respectively, alleging disability commencing on September 10, 2016. (ECF Nos., 15, 19, Administrative Record ("AR") 15; *see also* AR 291, 297.) Plaintiff's application was denied at the initial level of review and on reconsideration. (AR 15, 92-93, 134-35.) A telephonic hearing was held before Administrative Law Judge Josephine Arno ("the ALJ") on July 6, 2021. (AR 15-29.)

On September 27, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability. (AR 15-29); *see* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.1520(b)-(b)(1). At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (AR 17.) At step two, the ALJ determined that Plaintiff has the following severe impairments: breast cancer, status post lumpectomy and chemotherapy; bipolar disorder; anxiety disorder; and major depressive disorder. (AR 17.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix 1 of the Regulations. (AR 18); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b), 404.967(b), as follows:

> [She] is occasionally able to climb ladders, ropes, or scaffolds; she may frequently climb ramps or stairs; she may frequently balance, stoop, kneel, crouch, or crawl; she is able to understand, remember and carry out simple, routine work tasks but not at a production rate pace, for example, no assembly line jobs; she may tolerate occasional workplace changes; she may have occasional interaction with coworkers and supervisors; and she may have no contact with the public.

(AR 19.) At step four, the ALJ determined that Plaintiff is not able to perform her past relevant work as a recreation leader, and a home attendant. (AR 26-27.) At step five, based on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other jobs existing in significant numbers in the national economy, including representative jobs such as a houskeeping cleaner, a marker, and an investigator, dealer accounts. (AR 27-28.) Based on these findings, the ALJ found Plaintiff not disabled through the date of the decision. (AR 29.)

The Appeals Council denied review of the ALJ's decision on January 26, 2022. (AR 1-5.) This action followed.

### III.    GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence . . . is 'more than a mere scintilla' . . . [i]t means -- and only means -- 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted).

The Court will uphold the Commissioner's decision when "the evidence is susceptible to more than one rational interpretation." *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the

Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff raises the following issues challenging the ALJ's findings and determination of non-disability: (1) the ALJ erred by failing to adopt or explain her rejection of portions of the opinion of consulting examiner Kim Chronister, Psy.D. (Pl.'s Br. 1); and (2) the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony relating to her mental health issues. (Pl.'s Br. 1.) The Court addresses Plaintiff's second issue first and, as set forth below, the Court finds that remand is appropriate.

### A. SUBJECTIVE SYMPTOM TESTIMONY

#### 1. Legal Standard

In evaluating a claimant's subjective symptom testimony, an ALJ must engage in a two-step analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); 20 C.F.R. § 404.1529(c). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which "could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first step and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1036 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal quotation marks omitted)). At the same time, the "ALJ is not

required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted).

**2. Analysis**

The ALJ summarized Plaintiff's subjective symptom testimony as follows:

> [Plaintiff] testified she stopped working [in 2016] due to mental health issues, asserting she experienced a mental breakdown for which she had to seek treatment. [She] alleged she continued to struggle with mental health problems despite seeing a psychiatrist and taking psychotropic medications. She complained of experiencing depression, confusion, concentration and memory deficits, and social anxiety. She maintained she experienced difficulty concentrating and had memory deficits on a daily basis and mentioned forgetting doctor's appointments as an example. Moreover, [she] maintained her anxiety and depression symptoms had become more severe since her [2019] cancer diagnosis and subsequent treatment. [¶] . . . As a result of her chemotherapy treament, [she] complained of memory problems, forgetfulness, and confusion.

(AR 20.) Plaintiff also generally testified that physically she has difficulty with simple tasks due to fatigue, body aches, and pain and numbness in her hands and feet, and was told that her memory and concentration deficits were related to chemotherapy, which caused her forgetfulness and confusion. (AR 40-43.) She also stated she usually has to rest by the middle of the day due to fatigue and body pain, takes medications for sleep and anxiety, and would struggle with simple work tasks due to poor focus and needing breaks due to fatigue. (AR 42-43.)

The ALJ first found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, her "statements concerning the intensity, persistence and limiting effects of these symptoms *are inconsistent with the residual functional capacity assessment herein*." (AR 20 (emphasis added).) The Court observes that "[b]ecause the claimant's

symptom testimony must be taken into account when the ALJ assesses the claimant's RFC, it cannot be discredited because it is inconsistent with that RFC." *Laborin v. Berryhill*, 867 F.3d 1151, 1154 (9th Cir. 2017). Thus, the ALJ cannot "properly evaluate the claimant's credibility based on a predetermined RFC" and, to do so, "puts the cart before the horse." *Id.* at 1154 & n.4. That is because, without more, the Court cannot simply infer from that language "'that the ALJ rejected [the claimant's] testimony to the extent it conflicted with the medical evidence'" as summarized by the ALJ. *Id.* at 1154-55 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (alteration in original). Indeed, the use of this language by the ALJ implies that she arrived at an RFC determination for sedentary work with various limitations and *then* found that plaintiff's subjective symptom testimony supported that determination, rather than conducting a "thorough discussion and analysis of the objective medical and other evidence, *including the individual's complaints of pain and other symptoms*" and taking that information "into account *when determining* the RFC." *Id.* at 1153 (citing *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014)) (emphases added). This is an insufficient basis for discrediting testimony, but the error may be harmless if the ALJ provides other legally sufficient reasons for discounting the claimant's testimony. *Id.* at 1154-55. As discussed below, the ALJ did not provide any legally sufficient reasons for discounting plaintiff's testimony. Thus, the error in this case was not harmless.

The ALJ also found that the record evidence was not consistent with Plaintiff's subjective symptom allegations regarding her mental impairment limitations:

> The undersigned has considered [Plaintiff's] allegations regarding the severity of her mental impairments and resulting functional limitations, but finds her assertions were not consistent with the objective medical findings in the record. The record indicated the longitudinal finings of ongoing depression and anxiety symptoms for which [she] received

treatment including psychotropic medications and therapy. The record generally indicated [Plaintiff's] symptoms waxed and waned in severity, as on certain dates her mood was noted to be irritable and anxious, while on other dates her mood was noted to be euthymic. On limited treatment dates [she] reported she experienced passive suicidal ideations. However, the undersigned noted [Plaintiff] has never been hospitalized due to an exacerbation of psychiatric symptoms, episodes of decompensation, or feeling suicidal. She has not required emergency room treatment due to an exacerbation of mental health symptoms. Furthermore, the record did not contain any mental health treatment since approximately April 2020, and consequently, it was difficult to corroborate [her] assertions that her mental health symptoms had actually become more severe in the aftermath of her cancer treatment. Accordingly, the undersigned finds the evidence of record was not consistent with [Plaintiff's] allegations.[2]

(AR 20.)

To the extent the ALJ suggests that Plaintiff's subjective symptom testimony should be discounted (or that she should be found not disabled) because she had never been hospitalized due to her psychiatric symptoms, or received emergency mental health treatment, such an inference has been rejected by the Ninth Circuit. *Cf. Schiaffino v. Saul,* 799 F. App'x 473, 476 (9th Cir. Jan. 9, 2020) (holding that "[h]ospitalization is not required to show that mental health conditions such as PTSD, OCD, and anxiety are disabling from employment") (citable for its persuasive value pursuant to Ninth Circuit Rule 36-3). Likewise, that a person who suffers from panic attacks, anxiety, and depression "makes some improvement does not mean that the person's impairments no longer seriously affect her." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

Here, although the ALJ acknowledged that Plaintiff's symptoms "waxed and waned" in severity, she did not explicitly state the significance of this finding as it relates to Plaintiff's subjective symptom testimony. In any event, in the context of

---

[2] The ALJ made similar findings regarding Plaintiff's subjective complaints regarding residual physical symptoms from her cancer treatment, "including fatigue, generalized pain, and swelling and numbness in her extremities," finding that Plaintiff's "assertions that her symptoms were ongoing with no improvement were not consistent with the medical evidence of record." (AR 21.)

mental health impairments, such "waxing and waning" of symptoms is not unexpected. As the Ninth Circuit recently explained, "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Garrison*, 759 F.3d at 1017 (citing *Holohan*, 246 F.3d at 1205); *see also Scott v. Astrue*, 647 F.3d 734, 739-40 (7th Cir. 2011) (citations omitted) ("There can be a great distance between a patient who responds to treatment and one who is able to enter the workforce, and that difference is borne out in [the] treatment notes. Those notes show that although [plaintiff] had improved with treatment, she nevertheless continued to frequently experience bouts of crying and feelings of paranoia. The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits."). As noted by the Ninth Circuit, "[r]eports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms." *Garrison*, 759 F.3d at 1017 (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200-01 (9th Cir. 2008); *see also Holohan*, 246 F.3d at 1205 ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

Additionally, as the Ninth Circuit has established, "providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter*, 806 F.3d at 494 ("providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's

symptom testimony not credible"). Thus, "an ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific finding in support' of that conclusion, is insufficient." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted).

The Court finds the ALJ's subjective symptom testimony determination here to be virtually indistinguishable from the subjective symptom testimony determination rejected by the Ninth Circuit in *Brown-Hunter*. As in *Brown-Hunter*, the ALJ here "simply stated her . . . conclusion [regarding Plaintiff's subjective symptom testimony] and then summarized the medical evidence supporting her RFC determination." *Brown-Hunter*, 806 F.3d at 494. The ALJ did not then identify the testimony she found not credible, and "link that testimony to the particular parts of the record" supporting her non-credibility determination. *Id.* In short, "[t]his is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited," nor can the error be found harmless. *Id.*

The Court determines, therefore, that this was not a specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony.

It bears noting that equally fatal to the ALJ's failure to identify the testimony she found not credible and link it to the record, is the fact that while a lack of objective medical evidence supporting a claimant's subjective complaints is one factor that an ALJ can consider in evaluating symptom testimony (*Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005), it cannot provide the *only* basis to reject a claimant's subjective symptom testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)); *see also Bunnell*, 947 F.2d at 345 (noting that "once the claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective

medical evidence to fully corroborate the alleged severity of pain") (citation omitted).

Here, the ALJ provided a detailed summary of Plaintiff's treatment history, highlighting the waxing and waning of Plaintiff's symptoms. Even assuming that the ALJ's determination that the record evidence did not support Plaintiff's testimony was a specific, clear, and convincing reason to discount that testimony -- which the Court did *not* find -- it cannot be, as it was here, the *only* reason for rejecting her subjective symptom testimony.

Where, as here, the ALJ fails to state legally sufficient reasons for discounting a claimant's subjective complaints, a court ordinarily cannot properly affirm the administrative decision. *See Robbins*, 466 F.3d 884-85. The Court is unable to conclude that the ALJ's errors in evaluating Plaintiff's subjective complaints were "harmless" or "inconsequential to the ultimate non-disability determination." *Brown-Hunter*, 806 F.3d at 492.

Remand is warranted on this issue.

**B.  DR. CHRONISTER'S OPINION**

Having found that remand is warranted as discussed above, the Court declines to address Plaintiff's remaining issue. See *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

### V.  REMAND FOR FURTHER PROCEEDINGS

As the circumstances of this case suggest that further administrative proceedings could remedy the ALJ's errors, remand is appropriate. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not

remand with a direction to provide benefits."); *Treichler*, 775 F.3d at 1101, n.5 (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

## VI.  CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is **REVERSED** and this matter **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED**.

DATED:   April 21, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE